| |
|---|
| **Smartmatic USA Corp. v Fox Corp.** |
| 2024 NY Slip Op 30281(U) |
| January 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151136/2021 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. DAVID B. COHEN

_Justice_

PART          58

-----------------------------------------------------------------------X

SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., SGO CORPORATION LIMITED,

Plaintiff,

- v -

FOX CORPORATION, FOX NEWS NETWORK LLC, LOU DOBBS, MARIA BARTIROMO, JEANINE PIRRO, RUDOLPH GIULIANI, SIDNEY POWELL,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151136/2021 |
| MOTION DATE | 09/20/2023 |
| MOTION SEQ. NO. | 023 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 023) 1564, 1565, 1566, 1567, 1568, 1575, 1611, 1655

were read on this motion to/for                    DISMISS                    .

Plaintiffs move pursuant to CPLR 3211 for an order dismissing the counterclaims of

defendants Fox News Network, LLC, Bartiromo, Dobbs, and Pirro (collectively, Fox

defendants).  Fox defendants oppose.

## I.       PERTINENT BACKGROUND

The factual background of this defamation is set forth fully in the decision and order of

March 8, 2022 (NYSCEF 856) on defendants' prior motion to dismiss, and will not be repeated

here unless pertinent to the instant motion.

Following that decision, which largely denied the motion to dismiss, Fox defendants filed

their answers with a counterclaim (each defendant filed their own answer but the counterclaims

asserted therein are identical) based on Civil Rights Law 70-a and 76-a, otherwise known as New

York's Anti-SLAPP law, with SLAPP standing for "Strategic Lawsuit Against Public

Participation" (NYSCEF 1438, 1461, 1484, and 1507).

**151136/2021   SMARTMATIC USA CORP. vs. FOX CORPORATION**
**Motion No.  023**

**Page 1 of 7**

1 of 7

The theory underlying the counterclaims is that plaintiffs' request for damages of over $2.7 billion from defendants is calculated to chill defendants' free speech rights, as plaintiffs' damages calculation is both unrelated to plaintiffs' actual worth and possible future profits and as their defamation claim is meritless (NYSCEF 1438).

## II.     CONTENTIONS

Plaintiffs argue that the courts have already determined that the instant defamation action has a substantial basis in law, and that the Delaware court's ruling in the Dominion Voting Systems' action against Fox defendants precludes them from arguing that plaintiffs' defamation claims have no substantial basis in fact (NYSCEF 1568).

Fox defendants contend that neither of the prior decisions in this action, nor the Dominion decision compel dismissal of the counterclaims (NYSCEF 1611).

In reply, plaintiffs reiterate their arguments (NYSCEF 1655).

## III.     ANALYSIS

### 1.     Applicable law

On a motion to dismiss pursuant to CPLR 3211(a)(1), a court must "accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Kolchins v Evolution Mkts., Inc.*, 31 NY3d 100, 105-106 [2018] [internal quotation marks, brackets, and citations omitted]).  Dismissal may only be granted where the documentary evidence put forth by the defendant "utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Lezama v Cedano*, 119 AD3d 479, 480 [1st Dept 2014]), with the defendant bearing the burden of making this required showing (*Kolchins*, 31 NY3d at 106).

**151136/2021   SMARTMATIC USA CORP. vs. FOX CORPORATION**          **Page 2 of 7**
**Motion No.  023**

2 of 7

On a motion to dismiss pursuant to CPLR 3211(a)(7), the court determines whether the pleading states a cause of action and "[t]he motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002] [internal quotation marks and citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC 1, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

The court liberally construes the complaint (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]), and "take[s] the allegations of the complaint as true and provide[s] the benefit of every possible inference" (*EBC 1, Inc.*, 5 NY3d at 19 [internal citation omitted]). "At the same time, however, allegations consisting of bare legal conclusions . . . are not entitled to any such consideration" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 141 [2017] [internal quotation marks and citation omitted]. "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*id*. at 142 [internal citations omitted]).

Finally, a party may move for dismissal pursuant to CPLR 3211(a)(5) on the ground that a claim is barred by collateral estoppel.

### 2. Prior decisions

In the decision on defendants' motion to dismiss, this Court found that the action involved public petition and participation, and that the Anti-SLAPP Law applied. The next question to be decided therein was "whether plaintiffs' claims can withstand dismissal, [which

**151136/2021  SMARTMATIC USA CORP. vs. FOX CORPORATION**          **Page 3 of 7**
**Motion No.  023**

3 of 7

required an examination as to] whether they have a substantial basis in law" (citations omitted).

I thus held:

> that plaintiffs have adequately pleaded that their claims against Fox News have a sufficient basis in law so as to withstand the burden imposed by CPLR 3211(g). They allege that Fox News acted with actual malice by broadcasting information proffered by Powell, Giuliani, and the Fox anchor defendants which it knew was false and that, even if Fox News did not know the information was false, it had reason to doubt the veracity of the same since it was unsupported by any facts and was refuted by election specialists and officials. Plaintiffs also plead that Fox News acted with ill will towards them by making them scapegoats for President Trump's loss of the election and by broadcasting material intended to bolster its ratings at the expense of their reputation (*See Greenberg v Spitzer*, 155 AD3d 27, 55 [2d Dept 2017]). In reaching this conclusion, this Court notes that, on this motion to dismiss pursuant to CPLR 3211, plaintiffs "are not obligated to show evidentiary facts to support their allegations of [actual] malice (*see Arts4All, Ltd. v Hancock*, 5 AD3d 106, 109 [1st Dept 2004])" (*Weiss v Lowenberg*, 95 AD3d 405, 406 [1st Dept 2012]) and, as noted previously, plaintiffs are not required to demonstrate actual malice by clear and convincing evidence in opposing this motion. Additionally, since the statements broadcasted, if false, defamed plaintiffs in their profession and/or trade and accused them of committing a serious crime, they are defamatory per se (*See Nolan v State*, 158 AD3d 186, 195 [1st Dept 2018]).

That decision and finding were affirmed by the Appellate Division, First Department on February 14, 2023, as follows:

> Supreme Court correctly declined to dismiss the defamation claims asserted against Fox News, Dobbs, Bartiromo, and Giuliani. Under New York's Anti–SLAPP statute (Civil Rights Law §§ 76–a[1][a], [2]), to withstand dismissal under CPLR 3211(g)(1), the claims pleaded must have "a substantial basis in law," which requires "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Golby v. N & P Engrs. & Land Surveyor, PLLC*, 185 A.D.3d 792, 793–794, 128 N.Y.S.3d 34 [2d Dept. 2020]). The meticulously detailed complaint satisfied the requirements of CPLR 3211(g)(1).
>
> The causes of action for defamation were based on significant allegations that defendant Giuliani (and defendant Powell, against whom the action has been dismissed) made defamatory statements about plaintiffs' involvement in the 2020 Presidential election while knowing that the statements were false, or at least with reckless disregard for the truth. Those causes of action also allege that defendants Fox News, Dobbs, and Bartiromo did not merely report the newsworthy fact that the President's campaign lawyers were recklessly making statements conveying false information. Rather, the complaint alleges in detailed fashion that in their coverage and commentary, Fox News, Dobbs, and Bartiromo effectively endorsed and participated in the statements with reckless disregard for, or serious doubts about, whether the assertions or implications that

**151136/2021   SMARTMATIC USA CORP. vs. FOX CORPORATION**
**Motion No.  023**

Page 4 of 7

plaintiffs had participated in election fraud had any basis in truth or were supported by any reliable evidence.

(213 AD3d 512, 512-513 [1st Dept 2023]).

In the *Dominion Voting Systems'* action, the Delaware court, in deciding the parties' summary judgment motions, ruled in favor of Dominion on all legal issues, except for the issue of actual malice, including that: (1) the defamatory statements at issue were false; (2) the statements were not privileged opinion; (3) the statement were published; and (4) the statements were defamatory per se. The Court held that there was a triable issue as to whether defendants acted with actual malice (*US Dominion, Inc. v Fox Corp, et al.,* 2023 WL 2730567 [Sup Ct, Del 2023]).

### 3. Analysis

A decision denying a motion to dismiss a pleading based on alleged pleading defects has no collateral estoppel effect but simply addresses the adequacy or inadequacy of allegations in a pleading (*see e.g., Feinberg v Boros*, 99 AD3d 219 [1st Dept 2012] ["a motion addressed to the face of a complaint, wherein the motion court must construe all facts in a light favorable to the plaintiff, cannot control the outcome of a case once the facts are finally determined"]; *see also 938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Housing Dev. Fund Corp.*, 218 AD3d 417 [1st Dept 2023] [court not bound by prior order under "law of case" as order was rendered on motion to dismiss]).

Nevertheless, in this case, the Appellate Division, First Department already determined, in affirming the denial of defendants' motion to dismiss under CPLR 3211(g), that plaintiffs' complaint "satisfied the requirements of CPLR 3211(g)(1)," thereby finding that the pleaded claims have a substantial basis in law. This finding is law of the case here, and binds the parties accordingly as to this issue.

**151136/2021 SMARTMATIC USA CORP. vs. FOX CORPORATION**
**Motion No. 023**

**Page 5 of 7**

5 of 7

However, plaintiffs do not establish that there has already been a binding determination that their claims have a substantial basis in fact. First, defendants' argument here is that plaintiffs' alleged damages are so extenuated from their actual lost profits that they were pleaded and/or sought in order to chill defendants' free speech rights. That argument has not yet been adjudicated in any court.

Moreover, as the *Dominion* action was settled and discontinued before trial, any decision rendered therein has no collateral estoppel effect (*see Bacon & Seiler Constructors, Inc. v Solvay Iron Works, Inc.*, 185 AD3d 1390 [4th Dept 2020], quoting *Newman v Newman*, 245 AD2d 353, 354 [2d Dept 1997] [no collateral estoppel effect of decision and order rendered before settlement and discontinuance of action, as when action is discontinued, "'everything done in the action is annulled and all prior orders in the case are nullified'"]; *see also El Toro Group, LLC v Bareburger Group, LLC*, 190 AD3d 536 [1st Dept 2021] [collateral estoppel did not apply as other case settled]; *Americorp Fin., L.L.C. v Venkany, Inc.*, 102 AD3d 516 [1st Dept 2013] [collateral estoppel inapplicable if action settled by stipulation]).

Contrary to plaintiffs' argument, collateral estoppel does not apply to any decisions or orders rendered in an action that was subsequently settled and discontinued (*see Bacon & Seiler Constructors, Inc.*, 185 AD3d 1390; *Newman*, 245 AD2d 353; *see also Weldotron Corp. v Arbee Scales, Inc.*, 161 AD2d 708 [2d Dept 1990] ["discontinuance of action annuls that which has been done therein," and therefore prior court's finding on issue of fraud had no collateral estoppel effect in later action]; 7B Carmody-Wait 2d 47:4 [2023] [when action is discontinued, with limited exceptions, everything done in action is annulled and all prior orders in case are nullified]).

**151136/2021   SMARTMATIC USA CORP. vs. FOX CORPORATION**
**Motion No.  023**

**Page 6 of 7**

6 of 7

[* 6]

Finally, even assuming that the Delaware Court's decision on summary judgment in the *Dominion* case estops defendants here, there remained a triable issue of fact for trial in that action as to whether defendants acted with actual malice, which is an element that plaintiffs need to prove here as well. Thus, not all elements of plaintiffs' defamation claims have been already determined against defendants, and thus, they do not show that defendants are collaterally estopped from contesting that plaintiffs' claims have a substantial basis in fact.

## IV. CONCLUSION

Accordingly, it is hereby

ORDERED, that plaintiffs' motion to dismiss Fox defendants' counterclaims is denied.

20240123183917DCOHEN8A22788B6E214A5F9385E7C619D941F5

| 1/23/2024 | | DAVID B. COHEN, J.S.C. |
|-----------|--|------------------------|
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|------------------|--------------------------|--|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151136/2021  SMARTMATIC USA CORP. vs. FOX CORPORATION**                 Page 7 of 7
**Motion No.  023**

7 of 7